Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered June 22, 2012, denying the petition to annul respondents’ determination, dated June 13, 2011, which denied petitioner’s application to renew his stationary engineer license, and dismissing the proceeding brought pursuant to CELR article 78, unanimously reversed, on the law, without costs, the judgment vacated, the petition granted, and the matter remanded to respondents for further proceedings consistent herewith.
The determination to deny petitioner’s renewal application for a stationary engineer license was in violation of lawful procedure and did not have a rational basis. Respondents arbitrarily concluded that petitioner’s federal conviction of unlawfully accepting property of another bore a direct relationship to the duties and responsibilities attendant to a stationary engineer, the license for which he sought renewal after having his license renewed several times (see Correction Law §§ 750 [3]; 752 [2]; Matter of Dellaporte v New York City Dept. of Bldgs., 106 AD3d 446 [1st Dept 2013]). Fetitioner’s misdeeds were committed by utilizing the administrative powers in his former position, which granted him control over hiring, payroll, and selection of vendors. Such actions bear no direct relationship to the equipment maintenance duties and responsibilities inherent in the stationary engineer license, and thus do not satisfy the first exception to the general prohibition of discrimination against persons previously convicted of criminal offenses (see Correction Law § 752 [1]).
The record also shows that respondents failed to afford petitioner the mandatory presumption of rehabilitation attendant to his certificate of relief from disabilities (see Correction Law § 753 [2]) and appeared to have disregarded his additional *593 evidence of rehabilitation. Respondents found petitioner’s evidence of rehabilitation to be insufficient and in clear contravention of the statutory presumption, and did not raise any evidence in rebuttal, which, under the circumstances, shows the arbitrariness and capriciousness of the determination (see Matter of Bonacorsa v Van Lindt, 71 NY2d 605, 612-614 [1988]).
Nor could respondents have rationally found petitioner to pose an unreasonable risk to public safety or welfare so as to satisfy the second exception to the general prohibition (see Correction Law § 752 [2]). There was no evidence that petitioner had submitted false documents that related to his stationary engineer responsibilities or implicated public safety, and he disclosed his 2005 conviction on his prior renewal applications, which were granted. Moreover, petitioner has been employed as a stationary engineer without incident since 2006, and submitted performance evaluations and letters of reference from his current employer, verifying his character, fitness, and qualifications for the license and the position. In contrast, respondents offered only “speculative inferences unsupported by the record” to raise an issue concerning any potential risk to the public (Matter of Marra v City of White Plains, 96 AD2d 17, 25 [2d Dept 1983] [internal quotation marks omitted]).
In reversing, we note that Dellaporte, which is on point, was decided after the motion court’s decision. Concur — Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.